# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

| | |
|---|---|
| Gail Tritle,<br><br>                    Plaintiff,<br><br>– against–<br><br><br>Barclays Bank Delaware and<br>Northstar Location Services, LLC,<br><br>                    Defendant(s). | Index No.<br><br><br>**SUMMONS**<br><br><br>**The basis of the venue designated is Defendant Northstar Location Services, LLC Principal Place of Business** |

To the above named defendant(s):

    YOU ARE HEREBY SUMMONED to appear in the Supreme Court of the State of New York, County of Erie at the office of the Clerk of the said Court at 92 Franklin Street, Buffalo, New York 14202 in the County of Erie, State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: August 1, 2014
New York, New York

**Brighton Law Group, P.A.**

By: /s/ Maksim Reznik
Maksim Reznik, Esq.
30 Broad Street, 14th Floor, # 1455
New York, NY 10004
Tel (646) 417-5333
Fax (866) 564-5750
maksim.r@brighton-law.com
Attorneys for Plaintiff

NOTE: The laws or rules of court provide that:

RECEIVED
AUG 11 2014
**NLS**

SUPREME COURT OF THE STATE OF NEW YORK   3743670004440068
COUNTY OF ERIE

| | |
|---|---|
| Gail Tritle, | Index No. 808638/2014 |
| Plaintiff, | |
| – against– | **VERIFIED COMPLAINT** |
| Barclays Bank Delaware and Northstar Location Services, LLC, | |
| Defendant(s). | |

Plaintiff GAIL TRITLE, by and through her attorneys, Brighton Law Group, P.A., complaining of the Defendants, hereby alleges as follows:

1. This is an action for damages brought by an individual consumer for Defendants' breach of contract, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"), and violations of New York's General Business Law (hereinafter referred to as "NYGBL"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices. The NYGBL protects consumers from deceptive acts or practices in the conduct of any business.

## PARTIES

2. Plaintiff, Gail Tritle, is an adult residing in St. Paul, MN.

3. Defendant Northstar Location Services, LLC is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 4285 Genesee St, Cheektowaga, NY 14225. The principal

purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant Barclays Bank Delaware is a business entity located at 125 S. West Street, Wilmington, DE 19801.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## FACTUAL ALLEGATIONS

6. Defendant Northstar Location Services, LLC ("NorthStar") attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Defendant Barclays Bank Delaware ("Barclays").

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

8. On September 17, 2013, Plaintiff entered into a settlement agreement with Barclays, upon which Plaintiff would pay $483.00 as settlement on Plaintiff's Barclays account ending in 4068. See Exhibit A.

9. In particular, this letter stated: "As of the date of this letter, your account balance is $1,071.19. Upon receipt of **$483.00** by the last date set forth below, which is only 45% of your current balance, we will consider your account settled and will send an update to the credit reporting agencies, reflecting such settlement. . . . It is important that you review the terms of the settlement proposal as outlined below:
   - 09/30/2013 $241.50
   - 10/17/2013 $241.50
   - Account is closed
   - There may be tax consequences as disclosed below" Id.

10. Thus, Barclays acknowledged in writing that it had agreed to a settlement with Plaintiff, in consideration for two monthly payments which Plaintiff would be required to make.

11. Plaintiff made both required timely monthly payments, in accordance with the agreement.

12. Barclays accepted and cashed both of these payments.

13. Thereafter, Northstar sent Plaintiff a dunning letter dated June 2, 2014, informing Plaintiff she owes a debt of $775.55 on her Barclays account with the last four digits of 4068. See Exhibit B.

14. This letter contained false statements and made a misrepresentation of debt. Plaintiff had already fully paid the settlement amount on her Barclays account and she no longer owed any debt on her Barclays account.

15. By sending this letter and reneging on its settlement agreement with Plaintiff, Barclays committed a breach of contract.

16. Barclays deceived Plaintiff by sending Plaintiff a falsified account balance.

17. In addition, Northstar's June 2, 2014 dunning letter was false, deceptive, and misleading, in violation of the FDCPA.

18. Northstar knew or should have known that their actions violated the FDCPA. Additionally, Northstar could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

19. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their

employment, and under the direct supervision and control of the Defendants herein.

20. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

### FIRST CAUSE OF ACTION
(Breach of Contract)

21. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 20 herein.

22. Barclays acknowledged in writing that it had agreed to a settlement with Plaintiff, in consideration of payments which Plaintiff would be required to make.

23. Plaintiff made all of the required timely payments, in accordance with the agreement. Barclays accepted and cashed these payments and the account was settled and paid in full.

24. Thereafter, Barclays reneged on its settlement agreement with Plaintiff and, through Northstar, sent Plaintiff a dunning letter demanding an additional $775.55.

25. Barclays reneging on its settlement agreement with Plaintiff constitutes a breach of contract.

26. As a result, Plaintiff has suffered actual and monetary damages.

## SECOND CAUSE OF ACTION
(Fair Debt Collection Practices Act)

27. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 26 herein.

28. The above contacts between Defendant Northstar and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

29. FDCPA 15 U.S.C. § 1692e(2) prohibits the false representation of the character, amount, or legal status of any debt. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt. Northstar is liable under § 1692e(2) for misrepresenting the amount of Plaintiff's debt, which in fact was $0.00, and under § 1692e(10) for stating that Plaintiff owed a debt to Barclays when in fact she did not.

30. As a result of the above violations of the FDCPA, Northstar is liable to Plaintiff for actual damages, statutory damages which can be up to $1,000, attorney's fees and costs.

## THIRD CAUSE OF ACTION
(New York General Business Law: Deceptive Business Acts / Practices)

31. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 30 herein.

32. NYGBL § 349 makes it unlawful for any person, firm, corporation, or association or agent or employee thereof to engage in deceptive acts or practices in the conduct of any business, trade, or commerce.

33. As a financial institution doing business in New York, Defendant Barclays is subject to the NYGBL.

34. As a law firm and debt collector located and doing business in New York, Defendant Northstar is subject to the NYGBL.

35. Defendants have violated the NYGBL by ignoring and refusing to honor Plaintiff's original settlement agreement on her Barclays account, and instead, are attempting to deceptively recover additional monies from Plaintiff.

36. As a result, Plaintiff has suffered actual damages, attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment in the sum of $12,500 be entered against Defendants as follows:

1) That judgment be entered against Defendant Barclays for actual and monetary damages accrued by Plaintiff as a result of its breach of contract;

2) That judgment be entered against Defendant Northstar for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3) That judgment be entered against Defendant Northstar for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

5) That judgment be entered against both Defendants for actual damages pursuant to NYGBL § 349(h);

6) That the Court award costs and reasonable attorney's fees pursuant to NYGBL § 349(h); and

7) That the Court grant such other and further relief as may be just and proper.

Dated: August 1, 2014
New York, New York

        **Brighton Law Group, P.A.**

        By: /s/ Maksim Reznik
        Maksim Reznik, Esq.
        30 Broad Street, 14th Floor, # 1455
        New York, NY 10004

Tel (646) 417-5333
Fax (866) 564-5750
maksim.r@brighton-law.com
Attorneys for Plaintiff

## VERIFICATION BY ATTORNEY

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

I, MAKSIM REZNIK, an attorney duly admitted to practice law in the State of New York, hereby affirm under penalty of perjury:

I am an attorney associated with Brighton Law Group, P.A., attorneys for GAIL TRITLE, the plaintiff in the foregoing matter, with an office located at 30 Broad Street, 14th Floor, # 1455, New York, NY 10004. I have read the foregoing Complaint and know the contents thereof, and that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters I believe them to be true.

The reason why this verification is made by deponent instead of Plaintiff is because Plaintiff is not within the County of New York which is the county where the deponent has his office.

Dated: August 1, 2014
       New York, New York

                                        /s/ Maksim Reznik
                                        MAKSIM REZNIK

FILED: ERIE COUNTY CLERK 08/01/2014 03:53 PM                INDEX NO. 808638/2014
NYSCEF DOC. NO. 2                                           RECEIVED NYSCEF: 08/01/2014

Card Services
P.O. Box 8833
Wilmington, DE 19899-8833

Gail Tritle
11 Broadway Ste 1310
New York, NY 10004-1303

September 17, 2013

Account Ending In 4068

Dear Gail Tritle,

SETTLEMENT PROPOSAL

This confirms our September 17, 2013 discussion regarding a settlement proposal for your Travelocity Rewards American Express® Card account referenced above. We are pleased to be able to provide this opportunity for you to settle your account. Remember, you **MUST** speak to an Account Manager to accept this offer.

As of the date of this letter, your account balance is $1,071.19. Upon receipt of **$483.00** by the last date set forth below, which is only 45% of your current balance, we will consider your account settled and will send an update to the credit reporting agencies, reflecting such settlement.

Should you accept this proposal, the settlement agreement will be effective even though future statements will not reflect the settlement payment dates and amounts paid. It is important that you review the terms of the settlement proposal as outlined below:

• 09/30/2013 $241.50
• 10/17/2013 $241.50
• Account is closed
• There may be tax consequences as disclosed below.

*\*\* Note: If you fail to make any of the payments listed above, the proposed settlement agreement will no longer be in effect and your account will not be considered settled. \*\**

Should you accept the proposal and the difference between your previous account balance and payoff amount is greater than or equal to $600.00, it may be considered taxable income. If you fall into the taxable income category, we will send your IRS Form 1099C in January of the year following your final settlement payment. Please contact a tax advisor to determine if there are any tax consequences for you as a result of the settlement. The current balance listed above is effective as of the date of this letter and is subject to change.

If you have any questions or concerns, please call us toll-free at 1-866-456-0695. Our Account Managers are available Monday through Thursday from 8 a.m. to 9 p.m., Friday and Saturday from 8 a.m. to 5 p.m., and Sunday from 5 p.m. to 9 p.m., Eastern Time.

Sincerely,
Tevin Johnson
Collections Operations

FILED: ERIE COUNTY CLERK 08/01/2014 03:53 PM  INDEX NO. 808638/2014
NYSCEF DOC. NO. 3                              RECEIVED NYSCEF: 08/01/2014

4285 Genesee Street
Cheektowaga, NY 14225-1943

**NORTHSTAR
LOCATION SERVICES, LLC**
1-855-211-4583
Hours Mon-Thurs 8AM-10PM ET,
Fri 8AM-8PM ET, Sat 8AM-2PM ET

June 2, 2014

| Creditor | BARCLAYS BANK DELAWARE / TRAVELOCITY REWARDS AMEX |
|---|---|
| Account # | ************4068 |
| Balance | $775.55 |
| Amount Remitted | $ |

2014000000364449-LT1  1 MB  *A-01-8FN-AM-12333-47

GAIL TRITLE
3045 EAGANDALE PL APT 114
EAGAN MN 55121-1242

NORTHSTAR LOCATION SERVICES, LLC
ATTN: FINANCIAL SERVICES DEPT.
4285 GENESEE ST
CHEEKTOWAGA NY 14225-1943

*To ensure proper credit, return this portion with your payment.*

| Creditor | Account # | Balance | Amount Remitted |
|---|---|---|---|
| BARCLAYS BANK DELAWARE / TRAVELOCITY REWARDS AMEX | ************4068 | $775.55 | |

The above account has been referred to our office by BARCLAYS BANK DELAWARE. Your account is listed as delinquent with a total amount due of $775.55.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt to be valid. If you notify this office in writing within 30 days of receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

To make paying your account more convenient we offer the following payment options:
- Check-by-phone at 1-855-211-4583
- MoneyGram ExpressPayment
- Credit or Debit Card
- Web Pay at www.gotonls.com
- Pay in person at our office
- Enclose your payment in the envelope

You may contact a Northstar Account Representative toll free at 1-855-211-4583 to make your payment.

This collection agency is licensed by the Minnesota Department of Commerce.



Payment website: https://www.gotonls.com